BURLINGTON, C. R. & M. RY. CO. (TAYLOR v.). See Case No. 13,783.

---

## Case No. 2,170.

### BURNAP v. ALBERT et al.

[Taney, 244.] [1]

Circuit Court, D. Maryland. April Term, 1855.

MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE—ACTS OF COUNSEL—RATIFICATION—ADVICE OF COUNSEL.

1. In an action to recover damages sustained, by an alleged unfounded and malicious suit in equity, the plaintiff must show, not only a want of probable cause, but also a malicious intent on the part of the complainants in that suit.

[See note at end of case.]

2. The want of probable cause would be evidence of malice, to be weighed by the jury in connection with the other evidence in the cause.

3. Where, in the progress of a cause, a writ of ne exeat was obtained against the defendant, and he was imprisoned thereunder, without probable cause, and through malice on the part of the counsel of the plaintiffs in that action, they will not be held responsible for such acts of their counsel, unless directed by them, nor for the motives by which they were governed.

4. But if such plaintiffs afterwards refused to stay the proceedings, or discharge the party from imprisonment, from the desire to obtain thereby, unjustly, any pecuniary advantage to themselves, and knew or believed, at the time of their refusal, that such proceedings and imprisonment had been procured maliciously, and without any probable cause, then they would be liable.

5. If, however, in refusing to interfere, they were actuated by honest motives, seeking and desiring, by legal means, to recover money which they believed to be due to them, and were guided by their counsel, whom they believed to be trustworthy, then they would not be liable.

The plaintiff [Francis Burnap], a citizen of the state of Illinois, instituted this action against the defendants [Augustus J. Albert, William J. Albert, and John R. Moore], on the 1st of May 1854, to recover damages alleged to have been sustained by him, in his profession as a lawyer, by an alleged malicious and unfounded suit in chancery, brought in the state of Illinois by the defendants, against the plaintiff, as assignee in

trust for the benefit of defendants and others, of certain choses in action of one Miller; and also by reason of the imprisonment of the plaintiff, during the progress of that cause, under a writ of ne exeat.

Brown & Brune, for plaintiff.

J. M. Campbell, for defendants.

TANEY, Circuit Justice. 1. The plaintiff is not entitled to maintain this action, unless the proceedings of which he complains were without probable cause, and also malicious on the part of the defendants; but the want of probable cause would be evidence of malice, to be weighed by the jury in connection with the other evidence in the case.

2. If the jury find that Miller, being indebted to the defendants and others, assigned his property to the plaintiff, in trust for his creditors, there was probable cause for instituting the suit mentioned in the declaration; and no action will lie against the defendants for the institution of the suit.

3. If the ne exeat which was afterwards obtained, and the imprisonment of the plaintiff, were procured by Marsh, or Marsh & White, without probable cause, and from malice to the plaintiff, the defendants are not responsible in this action, for these acts of their counsel, unless directed by them, nor for the motives by which they were governed.

4. But if the defendants afterwards refused to stay these proceedings, or discharge the party from imprisonment, from the desire to obtain thereby, unjustly, any pecuniary advantage to themselves, and knew or believed, at the time of their refusal, that such proceedings and imprisonment had been procured maliciously and without any probable cause, then they are liable to this action.

5. If, however, in refusing to interfere, they were actuated by honest motives, seeking and desiring, by legal means, to recover money which they believed to be due to them, and were guided in their course by the advice of counsel, whom they believed to be trustworthy, then this action cannot be maintained. The plaintiff, being called, made default. Judgment of nonsuit.

[NOTE. To maintain an action for malicious prosecution the plaintiff must allege and prove malice and want of probable cause. Wheeler v. Nesbitt, 24 How. (65 U. S.) 544; Stewart v. Sonneborn, 98 U. S. 187; Blunt v. Little, Case No. 1,578; Wiggin v. Coffin, Id. 17,624; Preston v. Cooper, Id. 11,395; Zantzinger v. Weightman, Id. 18,202; Munns v. Dupont, Id. 9,926; Castro v. De Uriarte, 16 Fed. 93; Murray v. McLane, Case No. 9,964. Malice may be implied from want of probable cause. Wheeler v. Nesbitt, supra; Tiblier v. Alford, 12 Fed. 264. But see Johnson v. Ebberts, 11 Fed. 129. Probable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. Munns v. Dupont, supra; Wilmarth v. Mountford, Case No. 17,774. Failure to recover in a suit does not necessarily establish that the action was vexatious or unfounded. Ray v. Law, Id. 11,- 592. The question of probable cause is for the

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

court: that of malice for the jury. Stewart v. Sonneborn, supra; Johnson v. Ebberts, supra; U. S. v. McHenry, Case No. 15,681. The alleged malicious prosecution must have been determined before suit will lie. Barrell v. Simonton, Id. 1,041; McCracken v. Covington City Nat. Bank, 4 Fed. 602; Wheeler v. Nesbitt, supra. A suit for malicious prosecution lies only in cases where a legal prosecution has been carried on without probable cause; hence will not lie by a marine for imprisonment by his commander. Dinsman v. Wilkes, 12 How. (53 U. S.) 401. Corporations are liable for malicious prosecution. Copley v. Grover, etc., S. M. Co., Case No. 3,213.]